## Keystone Normal School of Kutztown v. Heffner.

*Statute of limitations—Suit on book account—Affidavit of defence.*

Plaintiff, a normal school, sued defendant for tuition furnished his children, as evidenced by a book account covering the period from 1912 to April 2, 1917, and setting forth credits, the latest being in 1916. The affidavit of defence averred payment in full, and that all the items excepting the last, amounting to $3, were barred by the statute of limitations. On a rule for judgment for want of a sufficient affidavit of defence: *Held*, that the case was not one of mutual accounts between merchant and merchant, but an account upon one side only with credits for "appropriation," and, therefore, barred by the statute of limitations.

Assumpsit. Rule for judgment for want of a sufficient affidavit of defence. C. P. Berks Co., May T., 1923, No. 18.

*Caleb J. Bieber*, for plaintiff and rule; *Frederick A. Marx*, contra.

HENRY, P. J., 52nd judicial district, specially presiding, Sept. 30, 1924.— The plaintiff brought suit for tuition furnished to the children of the defendant, as evidenced by a book account, covering the period from 1912 to April 2, 1917. This book account also sets forth credits, the latest being in the year 1916.

The affidavit of defence avers payment in full of the claim of the plaintiff, and that all the items of claim, excepting the last, amounting to $3, are barred by the statute of limitations.

The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defence.

The statement of claim clearly shows that all the charges in the book account against the defendant, excepting the last item of April 2, 1917, for $3, as well as the credits, bear date more than six years prior to the bringing of the suit, and all the items of claim, excepting the said item of $3, are barred by the statute of limitations, and there is no payment within the period of six years to toll the running of the statute. This is not the case of mutual accounts between merchant and merchant, but an account upon one side only with credits for "appropriation."

With respect to the item of $3, while the defence of payment is rather general in terms, yet meeting the demand with an averment of payment we think is sufficient.

And now, to wit, Sept. 30, 1924, rule discharged.

From Wellington M. Bertolet, Reading, Pa.